UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-CV-23837-GAYLES

TOM SHALOM, *et al.*,

    Plaintiffs,

v.

BASHAR MASRI, *et al.*,

    Defendants.

                                               /

## PLAINTIFFS' MOTION FOR AN ENTRY OF AN ORDER DIRECTING SERVICE OF PROCESS ABROAD

Plaintiffs, by and through their counsel, respectfully move this Court for entry of an order pursuant to Federal Rule of Civil Procedure 4(f)(2)(c)(ii) and the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention") directing the Clerk's office to dispatch four separately mailed copies of the complaint and summons by postal channel directly to Defendants Palestine Development & Investment Company ("PADICO"), Palestine Real Estate Investment Company ("PRICO"), Palestinian Industrial Estate Development Company ("PIEDCO"), and Massar International, Ltd. ("Massar") (collectively, the "Corporate Defendants").

### FACTUAL BACKGROUND

Plaintiffs are American citizens, or family members or estate representatives of American citizens, who were victims of the terror attacks in Israel committed by Hamas ("the October 7 Attacks"), and related attacks thereafter. Plaintiffs allege that Defendant Bashar Masri and the Corporate Defendants knowingly assisted, provided material support to, and conspired with Hamas

in violation of various provisions of the Anti-Terrorism Act. Specifically, Plaintiffs allege that Masri and the Corporate Defendants developed and operated prime Gaza properties as critical elements of Hamas infrastructure. These properties were used to construct and conceal attack tunnels that were used to store and launch rockets at Israel, harbor Hamas operatives, transporting Hamas naval commandos, and generate electricity for the attack tunnel network used by Hamas on and after the October 7 attacks.

Based on counsel's investigation, the Corporate Defendants maintain registered business addresses and conduct business operations in areas under the control of the Palestinian National Authority: Massar Building, Q Centre, Rawabi 666, Palestinian Authority. Declaration of Lee Wolosky, ECF No. 22-3 ("Wolosky Declaration") ¶ 4. The Corporate Defendants have not appointed a registered agent for service of process in Florida, or in any other state. This order will allow the Court to quickly proceed to adjudicating this case on the merits. Absent such relief, it will be difficult to serve the Corporate Defendants in a timely manner.

## MEMORANDUM OF LAW

**I. THE COURT SHOULD DIRECT SERVICE ON THE CORPORATE DEFENDANTS THROUGH DIRECT MAIL**

The Federal Rules of Civil Procedure allow for the service against foreign corporate defendants by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague [Service] Convention," and "unless prohibited by the foreign country's law, by using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(1), (f)(2)(C)(ii). Article 10(a) of the Hague Service Convention permits a party to "send judicial documents, by postal channels, directly to persons abroad," provided that "the State of destination does not object." Hague Convention Art. 10(a), 1965, 20 U.S.T. 361. The Supreme Court and courts in this district have

established that, under the Hague Service Convention, service by mail is permissible when "the receiving state has not objected to service by mail," and when "service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017); *see also TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 632 (S.D. Fla. 2012) (permitting postal channel service via international mail and FedEx on corporate defendant based in Hong Kong where Hong Kong was a signatory to the Hague Service Convention and did not object to Article 10(a)); *Leon v. Contl. AG,* 176 F. Supp. 3d 1315, 1320 (S.D. Fla. 2016) (permitting service by mail on Japanese corporate defendant where Japan was a signatory to the Hague Service Convention and did not object to Article 10(a)).

While the Palestinian National Authority is not a signatory to the Hague Service Convention, Israel serves as the conduit for requests for judicial assistance from Hague Service Convention signatory states for service in the Palestinian Territories. *See* Declaration of Gil Wojakowski, ECF No. 22–4 ¶¶ 21, 22 (citing Israel – Central Authority & Practical Information for the Hague Service Convention).[1] Israel has not objected to service via postal channels under Article 10(a), apart from those directed specifically to the Israeli government itself.[2] In turn, no applicable foreign law prohibits the use of postal channels to effect service on the Corporate Defendants, so long as that mail is dispatched by the clerk of this Court pursuant to Fed. R. Civ. P. (f)(2)(C)(ii).

---

[1] *Available at* https://www.hcch.net/en/states/authorities/details3/?aid=260 (last visited December 2, 2025) (providing directive for "documents intended for residents of the Palestinian Authority").

[2] *See Declaration/Reservation/Notification*, Hague Conference on Private International Law, available at *https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=405&disp=resdn* (last visited December 2, 2025).

## II. THE CORPORATE DEFENDANTS' RESPONSE TO THE COMPLAINT SHOULD BE DUE WITHIN 21 DAYS OF SERVICE

Plaintiffs further request that, should the Court grant the relief requested herein, pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), the Court also provide that the Corporate Defendants responses to the Complaint shall be due 21 days after each receives a copy of the Summons and Complaint. *See Leon*, 176 F. Supp. 3d at 132 (requiring foreign corporate defendants to "file a response to the Complaint within 21 days from the date" they receive a copy of the Summons and Complaint); *TracFone*, 279 F.R.D. at 632 (same).

### REQUESTED RELIEF

Based on the arguments and authorities cited herein, Plaintiffs request entry of an Order granting the following relief:

(a) Directing the Clerk of Court to serve the four Corporate Defendants at Massar Building, Q Centre, Rawabi 666, Palestinian Authority by sending via DHL and FedEx, four separately addressed mailings (one to each Corporate Defendant), with each mailing to contain one copy of (1) Plaintiff's Complaint; (2) the Summons issued to the respective Corporate Defendant; (3) Civil Coversheet; (4) this Court's Order; (5) Arabic and Hebrew translations of each of the foregoing documents;[3]

(b) Permitting Plaintiffs to file copies of the DHL and FedEx "proof of signature" (or substantially equivalent document) as proof, pursuant to Fed. R. Civ. P. 4(l)(2)(B), that service has been effectuated on the Corporate Defendants pursuant to the Order.

(c) Requiring the Corporate Defendants to file a response to the Complaint within 21 days from the date each receives a copy of the Summons and Complaint; and

---

[3] Plaintiffs shall ensure that the Clerk has the requisite pre-paid and pre-addressed DHL and FedEx envelopes, as well as the translated documents, to carry out the requirements of the Order.

4

(d) Granting such further relief as the Court deems proper.

A proposed order granting this motion is attached in accordance with Local Rule 7/1(a)(2) as Exhibit A.

### **CERTIFICATION PURUSANT TO LOCAL RULE 7.1(A)(3)**

Pursuant to Local Rule 7.1(A)(3), undersigned counsel certify that it was not possible to confer with counsel for the Corporate Defendants prior to filing this motion because these foreign defendants have not been served or appeared in this action.

December 9, 2025

**STACK FERNANDEZ & HARRIS, P.A.**

By: /s/ Brian J. Stack
**Brian J. Stack**
Fla. Bar No. 0476234
255 Alhambra Circle, Suite 330
Coral Gables, Florida 33134
Telephone: 305.371.0001
Facsimile: 305.371.0002
bstack@stackfernandez.com
Secondary email: mwolf@stackfernandez.com

*Local Counsel for All Plaintiffs*

**WILLKIE FARR & GALLAGHER LLP**
Lee Wolosky (admitted *pro hac vice*)
Andrew Lichtman (admitted *pro hac vice*)
787 7th Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111
lwolosky@willkie.com
alichtman@willkie.com

**OSEN LLC**
Gary M. Osen (admitted *pro hac vice*)
Aaron Schlanger (admitted *pro hac vice*)
190 Moore Street, Suite 272
Hackensack, NJ 07601
Telephone: (201) 265-6400
Facsimile: (201) 265-0303
gosen@osenlaw.com

aschlanger@osenlaw.com

**STEIN MITCHELL BEATO & MISSNER LLP**
Jonathan Missner (admitted *pro hac vice*)
Robert B. Gilmore (admitted *pro hac vice*)
Kevin L. Attridge (admitted *pro hac vice*)
2000 K St., NW, Suite 600
Washington, D.C. 20006
Telephone: (202) 737-7777
Facsimile: (202) 296-8312
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
kattridge@steinmitchell.com

**MOTLEY RICE LLC**
John M. Eubanks (*pro hac vice* application forthcoming)
Michael E. Elsner (*pro hac vice* application forthcoming)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9250
Facsimile: (843) 216-9450
jeubanks@motleyrice.com
melsner@motleyrice.com

# Exhibit A

**(Proposed Order)**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-CV-23837-GAYLES

TOM SHALOM, *et al.*,

    Plaintiffs,

v.

BASHAR MASRI, *et al.*,

    Defendants.

_____/

## [PROPOSED] ORDER DIRECTING SERVICE OF PROCESS ABROAD

This cause having come before the Court on the Motion ("Mot.") of Plaintiffs Tom Shalom, et al. ("Plaintiffs") for entry of an Order pursuant to Federal Rule of Civil Procedure 4(f)(2)(c)(ii) and the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention"), directing the Clerk's office to dispatch four separately mailed copies of the Complaint and Summons by postal channel directly to Defendants Palestine Development & Investment Company ("PADICO"), Palestine Real Estate Investment Company ("PRICO"), Palestinian Industrial Estate Development Company ("PIEDCO"), and Massar International, Ltd. ("Massar") (collectively, the "Corporate Defendants").

## FACTUAL BACKGROUND

Plaintiffs are American citizens, or family members or estate representatives of American citizens, who were victims of the terror attacks in Israel committed by Hamas ("the October 7 Attacks"), and related attacks thereafter. Plaintiffs' Complaint alleges that Defendant Bashar Masri

and the Corporate Defendants knowingly assisted, provided material support to, and conspired with Hamas in violation of various provisions of the Anti-Terrorism Act. Specifically, Plaintiffs allege that Masri and the Corporate Defendants developed and operated prime Gaza properties as critical elements of Hamas infrastructure. Complaint, ECF No. 1 ¶ 9. The Complaint alleges that such properties were properties were used to construct and conceal attack tunnels that were used to store and launch rockets at Israel, harbor Hamas operatives, transporting Hamas naval commandos, and generate electricity for the attack tunnel network used by Hamas on and after the October 7 attacks. *Id.*

Plaintiffs allege that the Corporate Defendants maintain registered business addresses and conduct business operations in areas under the control of the Palestinian National Authority: Massar Building, Q Centre, Rawabi 666, Palestinian Authority. Declaration of Lee Wolosky, ECF No. 22-3 ("Wolosky Declaration") ¶ 4. Plaintiffs further allege that the Corporate Defendants have not appointed a registered agent for service of process in Florida, or in any other state.

Plaintiffs move the Court for an entry of an Order directing the Clerk to dispatch the Complaint and Summons directly to the Corporate Defendants by DHL, pursuant to the Hague Service Convention and Fed. R. Civ. P. 4(f)(2)(c)(ii).

## SERVICE BY POSTAL CHANNEL

I. **PLAINTIFFS MAY SERVE THE CORPORATE DEFENDANTS BY DIRECT MAIL**

The Federal Rules of Civil Procedure allow for the service against foreign corporate defendants by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague [Service] Convention," and "unless prohibited by the foreign country's law, by using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(1), (f)(2)(C)(ii). Article 10(a) of

2

the Hague Service Convention permits a party to "send judicial documents, by postal channels, directly to persons abroad," provided that "the State of destination does not object." Hague Convention Art. 10(a), 1965, 20 U.S.T. 361. The Supreme Court and courts in this district have established that, under the Hague Service Convention, service by mail is permissible when "the receiving state has not objected to service by mail," and when "service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017); *see also TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 632 (S.D. Fla. 2012) (permitting postal channel service via international mail and FedEx on corporate defendant based in Hong Kong where Hong Kong was a signatory to the Hague Service Convention and did not object to Article 10(a)); *Leon v. Contl. AG,* 176 F. Supp. 3d 1315, 1320 (S.D. Fla. 2016) (permitting service by mail on Japanese corporate defendant where Japan was a signatory to the Hague Service Convention and did not object to Article 10(a)).

The Court has confirmed that Palestinian National Authority is not a signatory to the Hague Service Convention. However, Israel serves as the conduit for requests for judicial assistance from Hague Service Convention signatory states for service in the Palestinian Territories. *See* Declaration of Gil Wojakowski, ECF No. 22–4 ¶¶ 21, 22 (citing Israel – Central Authority & Practical Information for the Hague Service Convention).[4] Israel has not objected to service via postal channels under Article 10(a), apart from those directed specifically to the Israeli government itself.[5] The Court therefore concludes that no applicable foreign law prohibits the use of postal

---

[4] *Available at* https://www.hcch.net/en/states/authorities/details3/?aid=260 (last visited December 2, 2025) (providing directive for "documents intended for residents of the Palestinian Authority").

[5] *See Declaration/Reservation/Notification*, Hague Conference on Private International Law, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=405&disp=resdn (last visited December 2, 2025).

3

channels to effect service on the Corporate Defendants, so long as that mail is dispatched by the clerk of this Court pursuant to Fed. R. Civ. P. (f)(2)(C)(ii).

## II. THE CORPORATE DEFENDANTS RESPONSE TO THE COMPLAINT SHALL BE DUE WITHIN 21 DAYS OF SERVICE

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), the Court shall require that the Corporate Defendants responses to the Complaint shall be due 21 days after each receives a copy of the Summons and Complaint. *See Leon*, 176 F. Supp. 3d at 132 (requiring foreign corporate defendants to "file a response to the Complaint within 21 days from the date" they receive a copy of the Summons and Complaint); *TracFone*, 279 F.R.D. at 632 (same).

## RELIEF

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED**.

(e)     The Clerk of Court shall serve the four Corporate Defendants at Massar Building, Q Centre, Rawabi 666, Palestinian Authority by sending via DHL, four separately addressed mailings (one to each Corporate Defendant), with each mailing to contain one copy of (1) Plaintiff's Complaint; (2) the Summons issued to the respective Corporate Defendant; (3) Civil Coversheet; (4) this Court's Order; (5) Arabic and Hebrew translations of each of the foregoing documents;

(f)     Plaintiffs shall file copies of the DHL "proof of signature" (or substantially equivalent document) as proof, pursuant to Fed. R. Civ. P. 4(l)(2)(B), that service has been effectuated on the Corporate Defendants pursuant to the Order.

(g)     The Corporate Defendants shall file a response to the Complaint within 21 days from the date each receives a copy of the Summons and Complaint; and

4

5

(h)     Plaintiffs' Counsel shall ensure that the Clerk has the requisite pre-paid and pre-addressed DHL envelopes, as well as the requisite translated documents, to carry out the requirements of this Order.

**DONE AND ORDERED** in Chambers at the Wilkie D. Ferguson, Jr. United States Courthouse, Miami, Florida, this ___ day of December 2025.

 

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

*Cc: All Counsel of Record*