UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-23837-GAYLES

TOM SHALOM, et al.,

    Plaintiffs,
v.

BASHAR MASRI, et al.,

    Defendants.
_____/

# ORDER

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Serve Defendant Bashar Masri by Alternative Means, [ECF No. 22], and Plaintiffs' Motion for an Entry of an Order Directing Service of Process Abroad, [ECF No. 25]. The Court has reviewed the Motions and the record and is otherwise fully advised. For the reasons set forth below, the Motions are granted.

## BACKGROUND

Many American citizens were victims of the terror attacks committed by Hamas on October 7, 2023, in Israel. Plaintiffs, some of the victims or family members or estate representatives of victims, bring this action against Bashar Masri ("Masri") and the companies he allegedly controls—Palestine Real Estate Investment Company, Palestine Development & Investment Company, Palestinian Industrial Estate Development Company, and Massar International, Ltd. (collectively the "Corporate Defendants") under the Anti-Terrorism Act, 18 U.S.C. § 2333 et seq. [ECF No. 1]. Plaintiffs allege that Masri and the Corporate Defendants (collectively the "Defendants") assisted, provided material support to, and conspired with Hamas in connection with the October 7 attacks. *Id*.

Plaintiffs first filed their action in the United States District Court for the District of Columbia on April 7, 2025 (the "D.C. Action"). *See Shalom, et al. v. Bashar Masri, et al.*, No. 25-

1

cv-01024 (D.D.C.). During the pendency of the D.C. Action, Plaintiffs made three attempts to serve Masri, twice at his home in Washington, D.C. and a third time via registered mail. Believing Masri was in Israel or Palestine, Plaintiffs moved the D.C. District Court to authorize service by the alternate means of publication, email, and social media.[1] After additional briefing, on August 26, 2025, the D.C. District Court found that Plaintiffs' proposed alternate service methods "are not contrary to any international agreement, are consistent with principles of due process, and seek to minimize offense to Israeli and Palestinian law." [ECF No. 22-3 at 3]. As a result, the D.C. District Court authorized service by (a) publication in *Yediot Ahronot* for six weeks; (b) electronic email to identified email addresses; and (c) social media messaging to Masri's verified Instagram, X, and Facebook accounts. *Id.* at 11.

Shortly after the D.C. District Court issued its Order authorizing alternate service and before Plaintiffs tried to serve Masri by alternate means, Plaintiffs voluntarily dismissed the D.C. Action and filed their Complaint in the Southern District of Florida, where the first-named Plaintiff resides. Plaintiffs now move to serve Masri by alternate means, adopting the arguments presented to the D.C. District Court. [ECF No. 22]. In addition, Plaintiffs move for entry of an order directing the Clerk's Office to dispatch four separately mailed copies of the Complaint and Summons by postal channel directly to the Corporate Defendants. [ECF No. 25].

## **DISCUSSION**

### I.      **Alternate Service on Masri**

Plaintiffs seek to serve Masri via publication, email, and social media direct message. Pursuant to Federal Rule of Civil Procedure 4, an individual may be served outside of the United States: (1) "by any internationally agreed means of service that is reasonably calculated to give

---

[1] Plaintiffs state that "while they have reason to believe that Masri is currently located in Israel or the Palestinian Territories, they do not have a known address abroad for him. . . ." [ECF No. 22].

notice, such as those authorized by [the Hague Convention]"; (2) "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)–(3). "If a party cannot, or chooses not to, serve a defendant abroad using one of the methods specified in Rule 4(f)(1) and (2), the party may accomplish service" using the third method. *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016).

While "compliance with the [Hague] Convention is mandatory in all cases to which it applies," *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) (citation omitted), the Court is permitted to order alternate means of service as long as the signatory nation has not expressly objected to those means, *see Codigo Music, LLC v. Televisa S.A.*, No. 15-CIV-21737, 2017 WL 4346968, at *7 (S.D. Fla. Sep. 29, 2017). "[T]he decision to issue an order allowing service by alternate means lies *solely within the discretion of the district court*." *Chanel, Inc. v. Lin*, No. 08-CIV-23490, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (citations omitted).

A district court analyses three factors to determining whether to exercise its discretion and permit alternative service of process:

> First, the Court must be satisfied that the proposed method of service is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Second, the Court must determine if the proposed method of service minimizes offense to foreign law. Third, the Court must determine if the facts and circumstances warrant exercise of its discretion under Fed. R. Civ. P. 4(f).

*Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1364 (S.D. Fla. 2015) (citations and internal quotation marks omitted). "The alternative method of service, however, must comport with constitutional notions [of] due process." *U.S. Commodity Futures Trading Comm'n v. Aliaga*,

272 F.R.D. 617, 620 (S.D. Fla. 2011). Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

The Court has carefully reviewed the D.C. District Court's Order and finds that it aligns with the law in this Circuit. Accordingly, the Court adopts the D.C. District Court's detailed factual findings and legal conclusions and finds that Plaintiffs' alternative means (1) are not prohibited by international agreement, (2) are consistent with due process, and (3) minimize offense to foreign law. Therefore, the Court finds that Plaintiffs have shown good cause to allow them to serve process on Masri via publication, email, and social media direct message.

## II.   Service on Corporate Defendants

Plaintiffs also request that the Court direct the Clerk's office to dispatch four separately mailed copies of the complaint and summons by postal channel directly to the Corporate Defendants. The Federal Rules of Civil Procedure allow for the service against foreign corporate defendants by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention," and "unless prohibited by the foreign country's law, by using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R. Civ. P. 4(f)(1), (f)(2)(C)(ii). Article 10(a) of the Hague Convention permits a party to "send judicial documents, by postal channels, directly to persons abroad," provided that "the State of destination does not object." Hague Convention Art. 10(a), 1965, 20 U.S.T. 361. The Supreme Court has held that, under the Hague Convention, service by mail is permissible when "the receiving state has not objected to service by mail," and when "service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017).

While the Palestinian National Authority is not a signatory to the Hague Service Convention, Israel serves as a conduit for requests for judicial assistance from Hague Service Convention signatory states for service in the Palestinian Territories. *See* Declaration of Gil Wojakowski*,* [ECF No. 22-4 ¶¶ 21, 22]. Israel has not objected to service via postal channels under Article 10(a), aside from those directed to the Israeli government.[2] Accordingly, no applicable foreign law prohibits the use of postal channels to effect service on the Corporate Defendants, as long as the Clerk of Court dispatches the mail pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii).

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Serve Defendant Bashar Masri by Alternative Means, [ECF No. 22], is **GRANTED.** Plaintiffs shall serve the Summons and Complaint in this action on Defendant Bashar Masri by

    a. Publishing a copy of the documents in *Yediot Ahronot* for a period of six weeks;

    b. Transmitting a copy of the documents via electronic mail to addresses associated with Bashar Masri, including BMasri@rawabi.ps, BMasri@masar.com, info@basharmasri.com, and masrib307@gmail.com; and

    c. Transmitting a copy of the documents via social media to Bashar Masri's verified Instagram, X, and Facebook accounts.

2. Plaintiffs' Motion for an Entry of an Order Directing Service of Process Abroad, [ECF No. 25], is **GRANTED**. The Clerk of Court shall serve Corporate Defendants Palestine Real Estate Investment Company, Palestine Development & Investment Company, Palestinian

---

[2] *See Declaration/Reservation/Notification*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=405&disp=resdn (last visited January 8, 2026).

Industrial Estate Development Company, and Massar International, Ltd. at Massar Building, Q Centre, Rawabi 666, Palestinian Authority by sending via DHL, four separately addressed mailings (one to each Corporate Defendant), with each mailing to contain one copy of (a) Plaintiffs' Complaint; (b) the Summons issued to the respective Corporate Defendant; (c) Civil Coversheet; (d) this Court's Order; and (e) Arabic and Hebrew translations of each of the foregoing documents;

3. Plaintiffs shall file copies of the DHL "proof of signature" (or substantially equivalent document) as proof, pursuant to Fed. R. Civ. P. 4(l)(2)(B), that service has been effectuated on the Corporate Defendants pursuant to the Order.

4. The Corporate Defendants shall file a response to the Complaint within 21 days from the date each receives a copy of the Summons and Complaint; and Plaintiffs' Counsel shall ensure that the Clerk has the requisite pre-paid and pre- addressed DHL envelopes, as well as the requisite translated documents, to carry out the requirements of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of January, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE