**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

TOM SHALOM, *et al.*,

                              Plaintiffs,

            v.

BASHAR MASRI,
PALESTINE REAL ESTATE INVESTMENT
COMPANY,
PALESTINE DEVELOPMENT &
INVESTMENT COMPANY,
PALESTINE INDUSTRIAL ESTATE
DEVELOPMENT COMPANY, AND
MASSAR INTERNATIONAL, LTD.,

                              Defendants.

Case No.   25 Civ. 23837 (DPG)

**DEFENDANTS' MOTION TO STAY DISCOVERY AND**
**ADJOURN THE AUGUST 10, 2026 DEADLINE FOR A JOINT SCHEDULING ORDER**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL ALLEGATIONS ......................................................................................................2

    I.   Procedural History ............................................................................................................2

    II.  Plaintiffs' Amended Complaint.........................................................................................4

    III. Defendants' Motion to Dismiss.........................................................................................4

ARGUMENT .............................................................................................................................6

    I.   A "Preliminary Peek" at Defendants' Motion to Dismiss Shows that a Temporary
        Stay of Discovery is Warranted........................................................................................6

    II.  Plaintiffs Will Not Suffer Undue Prejudice From a Temporary Stay................................10

    III. A Full Stay of Discovery Is Appropriate .........................................................................11

CONCLUSION..........................................................................................................................11

CERTIFICATE OF GOOD FAITH CONFERRAL .....................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

Cases

*Cabrera v. Progressive Behav. Sci., Inc.*,
331 F.R.D. 185 (S.D. Fla. 2019) ........................................................................................ 10

*Chudasama v. Mazda Motor Corp.*,
123 F.3d 1353 (11th Cir. 1997) ........................................................................................8, 10

*Clinton v. Jones*,
520 U.S. 681 (1997) ............................................................................................................ 6

*Cuhaci v. Kouri Grp.*,
540 F. Supp. 3d 1184 (S.D. Fla. 2021) ...........................................................................6, 7

*Feldman v. Flood*,
176 F.R.D. 651 (M.D. Fla. 1997) .......................................................................................7

*Flecha v. Neighbors Moving Servs., Inc.*,
944 F. Supp. 2d 1201 (S.D. Fla. 2013) .............................................................................. 6

*Fuld v. Palestine Liberation Org.*,
606 U.S. 1 (2025) ............................................................................................................4, 5

*Johnson v. Bd. of Regents of Univ. of Ga.*,
263 F.3d 1234 (11th Cir. 2001) .......................................................................................... 6

*Kleiman v. Wright*,
No. 18-CV-80176-BB, 2018 WL 8620096 (S.D. Fla. Aug. 2, 2018) ..........................................9

*Meadows v. Am. Airlines*,
No. 1:24-CV-20518-GAYLES/GOODMAN, 2024 WL 4634038 (S.D. Fla. Sept. 23),
*report and recommendation adopted sub nom. Meadows v. Am. Airlines, Inc.*, 2024
WL 4633991 (S.D. Fla. Oct. 31, 2024)..............................................................................7, 8

*In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*,
No. 21-MD-02994-RAR, 2021 WL 10428229 (S.D. Fla. Oct. 9, 2021) ..............................7, 11

*Pujals v. BDO USA, P.C.*,
No. 1:25-CV-01757 (JLR), 2025 WL 2644238 (S.D.N.Y. Sept. 15, 2025)............................11

*Raanan v. Binance Holdings Ltd.*,
No. 24-CV-697 (JGK) (BCM), 2026 WL 1480388 (S.D.N.Y. May 26, 2026) ...............8, 9, 11

ii

*Rodriguez v. Imperial Brands, PLC.*,
  No. 24-11487, 2026 WL 2118957 (11th Cir. July 23, 2026) ...................................................4, 5

*Shalom v. Masri*,
  No. 25-cv-01024-JMC (D.D.C. 2025) ...............................................................................2, 3, 10

*Skuraskis v. NationsBenefits Holdings, LLC*,
  717 F. Supp. 3d 1221 (S.D. Fla. 2023) ...............................................................................8, 11

*Zoghaib v. Société Générale de Banque Au Liban, et al.*,
  No. 25-CV-20097, 2026 WL 943756 (S.D. Fla. Apr. 8, 2026)...............................................8, 10

Rules and Regulations

Federal Rules of Civil Procedure
  Rule 12(b)(2)..................................................................................................................5, 8
  Rule 12(b)(5)..................................................................................................................6, 8
  Rule 12(b)(6)..................................................................................................................5, 8
  Rule 26(c)(1)..................................................................................................................1, 6

Local Rules
  Rule 7.1(a)(3).................................................................................................................. 12

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and this Court's inherent authority to manage its docket, Defendants Bashar Masri ("Mr. Masri"), Palestine Real Estate Investment Company ("PRICO"), Palestine Development & Investment Company ("PADICO"), Palestine Industrial Estate Development Company ("PIEDCO"), and Massar International, LTD. ("Massar," together with PRICO, PADICO, and PIEDCO, the "Corporate Defendants") (collectively, "Defendants"), respectfully submit this memorandum of law in support of their motion to stay discovery and all discovery-related deadlines pending resolution of Defendants' Motion to Dismiss the Amended Complaint, ECF No. 62. In connection with the requested stay, Defendants further request that the Court modify its Order at ECF No. 59, which extended to August 10, 2026, the deadline for the parties to file their Joint Scheduling Report, Proposed Scheduling Order, and Certificates of Interested Parties, by deferring the deadline until fourteen days after the Court resolves the Motion to Dismiss, should any claims remain.

**PRELIMINARY STATEMENT**

Defendants' Motion to Dismiss the Amended Complaint raises threshold issues that may render any scheduling order or discovery moot. The motion to dismiss includes several case-dispositive arguments, including, among others, that: (1) this Court does not have personal jurisdiction over any Defendant; (2) Plaintiffs have not adequately pled claims under the Anti-Terrorism Act ("ATA") or the Justice Against Sponsors of Terrorism Act ("JASTA") and (3) Plaintiffs failed to properly effect service on any Defendant. These threshold issues should be resolved before requiring foreign defendants to agree to a proposed scheduling order or begin a complex, burdensome, and expensive discovery process. Defendants thus request that any discovery, and scheduling relating to same, be stayed until the Court decides the merits of these arguments. Because the Court's Order (ECF No. 59) currently requires the parties to file their Joint Scheduling Report, Proposed Scheduling Order, and Certificates of Interested Parties by August

1

10, 2026, Defendants also request that the Court adjourn that deadline.[1]

Good cause for such a stay and adjournment exists here because Defendants' pending motion to dismiss may dispose of this action entirely or, at minimum, substantially narrow the claims, parties, and issues subject to discovery. Requiring Defendants—who reside or operate abroad in a region affected by conflict—to engage in discovery before those threshold issues are resolved and before this Court determines it has jurisdiction over them would impose substantial and unnecessary burdens. These burdens are underscored by the sweeping scope of Plaintiffs' allegations and the fact that most of the potentially relevant evidence and witnesses are overseas. Discovery would require extensive cross-border coordination, collection and review of years' worth of materials, depositions of foreign witnesses (party and non-party), and translation of thousands of documents, as well as likely disputes concerning foreign law, confidentiality, security, and proportionality. Imposing such burdens is unwarranted where Defendants' motion challenges whether this case may proceed at all. Furthermore, adjournment of all discovery deadlines does not prejudice Plaintiffs as a stay would only preserve the *status quo* and not create any case management or scheduling problems.

## FACTUAL ALLEGATIONS

### I.    Procedural History

On April 7, 2025, Plaintiffs filed the first iteration of this action in the U.S. District Court for the District of Columbia. *Shalom v. Masri*, No. 25-cv-01024-JMC (D.D.C. 2025) ("D.C.

---

[1] Because the parties' Joint Scheduling Report and Proposed Scheduling Order would establish discovery and other pretrial deadlines, the August 10, 2026 deadline for those documents is inextricably linked to Defendants' request to stay discovery. Requiring the parties to formulate a discovery schedule while the Court determines whether the Court can exercise jurisdiction over Defendants and whether any claims are viable would be premature and inefficient. Accordingly, Defendants request both to stay discovery pending the outcome of Defendants' motion to dismiss and adjourn the deadline for the Joint Scheduling Report and Proposed Scheduling Order, consistent with the Court's Order dated May 22. ECF No. 59.

2

Action"). The D.C. Action asserted substantially similar allegations against the same Defendants, on behalf of a substantially overlapping group of Plaintiffs. D.C. Action, ECF No. 1. On June 23, 2025, the court issued an order advising Plaintiffs that service must be completed on or before July 7, 2025. Plaintiffs sought an extension of time to serve Defendants, which the court granted. *Id.*, ECF No. 15. Plaintiffs also sought leave to serve Mr. Masri *via* alternative means, and the court granted leave on August 26, 2025. *Id.*, ECF Nos. 14, 16–18. That same day, however, Plaintiffs voluntarily dismissed the D.C. Action. *Id.*, ECF No. 19.

Also on August 26, 2025, Plaintiffs filed this action. No. 25 Civ. 23837 (DPG), ECF No. 1. Defendants subsequently filed a limited appearance, ECF Nos. 40, 48–51,[2] and, on May 8, 2026, moved to dismiss Plaintiffs' original complaint. ECF No. 52. Plaintiffs then advised that they intended to amend their pleading, and on May 22, 2026, the parties filed a joint motion that (1) proposed a Scheduling Order for the Amended Complaint and any subsequent briefing; and (2) requested an adjournment of the deadline for filing the Joint Scheduling Report, Proposed Scheduling Order, and Certificates of Interested Parties. ECF No. 58.

The Court granted the motion and adjourned the deadline for filing the Joint Scheduling Report until August 10, 2026, "to allow the parties to meet and confer and . . . allow Defendants the opportunity to seek deferral of the Scheduling Order and a stay of discovery until after resolution of their dispositive motion." ECF No. 59 at 2. Plaintiffs filed an Amended Complaint on June 22, 2026. ECF No. 61. Defendants filed their Motion to Dismiss the Amended Complaint on July 31, 2026. ECF No. 62.

---

[2] Defendants' appearance was and remains limited. Defendants appeared without consenting to service of process or personal jurisdiction, and they reserved all rights to assert the defenses of lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, lack of standing, and failure to state a claim.

II.      **Plaintiffs' Amended Complaint**

The Amended Complaint spans 233 pages and 1,459 numbered paragraphs, asserting sweeping allegations across decades, entities, properties, and events on behalf of hundreds of individuals, estates, and minors. Plaintiffs' conclusory and unsupported narrative seeks to impose unprecedented civil terrorism liability on an individual, Bashar Masri, and four foreign companies lacking sufficient suit-related contacts with the United States under *Fuld v. Palestine Liberation Organization*, 606 U.S. 1 (2025) and *Rodriguez v. Imperial Brands, PLC.*, No. 24-11487, 2026 WL 2118957 (11th Cir. July 23, 2026).

Plaintiffs do not allege that Defendants planned the October 7 attacks, directed Hamas's operations, exercised control over Hamas, supplied weapons, selected targets, trained attackers, or intended that the attacks occur. Nor do Plaintiffs identify who supposedly did what to assist the attacks, when, or how. Instead, Plaintiffs point to lawful development projects—including hotels by the sea, an industrial complex near the Israeli border, and solar infrastructure—and speculate that those projects concealed tunnels, supported Hamas infrastructure, or generated energy that Hamas later siphoned for its own criminal purposes. But Plaintiffs cannot satisfy pleading standards by attaching sinister labels to commercial projects and asking the Court to rely on inference upon inference to bridge the missing links between Defendants' alleged conduct and the attacks.

III.     **Defendants' Motion to Dismiss**

Defendants' Motion to Dismiss the Amended Complaint raises several threshold issues, including lack of personal jurisdiction, failure to state a claim under the ATA or JASTA, and insufficient service of process, any of which could dispose of the case in its entirety or, at minimum, substantially narrow its scope.

4

On personal jurisdiction, Plaintiffs have not alleged Defendant-specific facts sufficient to establish personal jurisdiction over each Defendant to satisfy the Constitution, the Supreme Court's decision in *Fuld*, and the Eleventh Circuit's subsequent application of *Fuld* in *Rodriguez*. The Corporate Defendants are foreign entities with no offices, property, employees, or business in the United States, and the Amended Complaint fails to make any jurisdictional allegations concerning Mr. Masri that relate to their causes of action or otherwise justify haling him into a federal court. Defendants received no clear statutory notice, engaged in no alleged liability-producing conduct bearing a meaningful connection to the United States, and maintain no presence here. Although Plaintiffs allege some U.S.-related ties, those contacts are attenuated, unrelated to the October 7 attacks, and otherwise insufficient to render the exercise of jurisdiction reasonable. Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(2). ECF No. 62 at 27–43.

On the merits, the Amended Complaint does not plead the elements necessary to maintain direct, aiding-and-abetting, or conspiracy liability under the ATA and JASTA. At most, Plaintiffs allege routine and lawful commercial activity in Palestine. Plaintiffs do not allege that any Defendant planned, directed, participated in, agreed to, encouraged, or exercised control over the October 7 attacks. Nor do Plaintiffs plead facts showing that any Defendant knowingly and substantially assisted Hamas in the planning, preparation, or execution of those attacks. Rather, Plaintiffs' theory improperly attempts to impose civil terrorism liability for ordinary commercial activity in Gaza. Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 44–57.

Finally, Plaintiffs did not properly effect service on each Defendant because they did not comply with the rules governing service abroad, including those applicable to service in Palestine.

Thus, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(5). *Id.* at 68–70.

## ARGUMENT

Good cause exists to stay discovery and defer the parties' scheduling submissions pending resolution of Defendants' Motion to Dismiss the Amended Complaint. A preliminary review of Defendants' motion shows that it raises several threshold challenges that, on their own, could each dispose of this action in its entirety or materially narrow its scope. At the same time, discovery under the Amended Complaint as presently pleaded would impose unusually substantial cross-border burdens. A stay will preserve party and judicial resources by ensuring that any discovery proceeds only after the Court determines which claims, parties, and issues—if any—may proceed. As such, the burdens of discovery outweigh any limited prejudice resulting from a temporary stay.

**I.     A "Preliminary Peek" at Defendants' Motion to Dismiss Shows that a Temporary Stay of Discovery is Warranted**

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also* Fed. R. Civ. P. 26(c)(1) (authorizing the Court to protect a party from undue burden or expense); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Courts in this District may grant a stay of discovery upon good cause after balancing any prejudice from delay against the likelihood that the dispositive motion will eliminate or substantially narrow discovery. *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *see also Cuhaci v. Kouri Grp.*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021) (holding that the movant bears the burden to show "good cause and reasonableness," and discovery stays generally require a "specific showing of prejudice or burdensomeness") (citations omitted).

To gauge the likelihood that a dispositive motion will eliminate or substantially narrow discovery, courts typically take a "preliminary peek" at the motion to determine whether it appears meritorious and potentially case-dispositive. *Cuhaci*, 540 F. Supp. 3d at 1187 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997)). While "motions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district" and there is no "general rule" favoring stays of discovery, this case, which is against five foreign defendants and raises novel jurisdictional and merits theories, presents "exceptional circumstances." *Id.* at 1187 (internal quotation marks and citations omitted).

Where a pending motion raises threshold issues that may dispose of the action or materially narrow its scope, and discovery would impose substantial burdens before those issues are resolved, the balance favors a temporary stay. *See In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994-RAR, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 9, 2021) ("Moreover, it is well established that threshold issues related to standing are case dispositive and constitute a facial challenge properly resolved before discovery."). This Court recently adopted a "well-reasoned" report and recommendation to stay discovery pending a motion to dismiss to when the Magistrate Judge determined that "courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss" and that "is particularly true when faced with legitimate jurisdictional challenges" like Defendants'. *Meadows v. Am. Airlines*, No. 1:24-CV-20518-GAYLES/GOODMAN, 2024 WL 4634038 (S.D. Fla. Sept. 23, 2024) (internal quotation marks and citations omitted), *report and recommendation adopted sub nom. Meadows v. Am. Airlines, Inc.*, 2024 WL 4633991 (S.D. Fla. Oct. 31, 2024). In that case, the stay was entered due to the mere "possibility that the Undersigned will be recommending that this lawsuit be dismissed with prejudice (as the motion appears meritorious)," even though "it is still

conceivable that [the Court's] final ruling [would] not be a dismissal recommendation." *Id.* at \*5 & n.3. Ultimately, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997) (footnotes omitted).

Here, even a "preliminary peek" at Defendants' motion makes clear that Defendants raise several case-dispositive arguments—including lack of personal jurisdiction under Rule 12(b)(2), inadequate service under Rule 12(b)(5), and failure to state an ATA or JASTA claim under Rule 12(b)(6)—which could end (or substantially narrow) the case before discovery even begins. Courts in this District routinely stay discovery in such circumstances. For example, in *Skuraskis v. NationsBenefits Holdings, LLC,* the court granted a temporary stay where a dismissal motion raised "viable" standing challenges and pleading deficiencies that could eliminate or narrow the allegations, and discovery would impose a substantial and asymmetric burden. 717 F. Supp. 3d 1221 (S.D. Fla. 2023). Likewise, in *Zoghaib v. Société Générale de Banque Au Liban*, the magistrate judge recommended a stay where potentially case-dispositive threshold immunity and personal-jurisdiction arguments did not require discovery to resolve. No. 25-CV-20097-MOORE/Elfenbein, 2026 WL 943756 (S.D. Fla. Apr. 8, 2026). Defendants' motion raises threshold challenges to personal jurisdiction, service, and the sufficiency of Plaintiffs' pleadings, any of which are a basis to dispose of the Amended Complaint.[3]

---

[3] *Raanan v. Binance Holdings Ltd.*, a JASTA action in the Southern District of New York arising from the October 7 attacks, is also instructive. No. 24-CV-697 (JGK) (BCM), 2026 WL 1480388 (S.D.N.Y. May 26, 2026). There, Magistrate Judge Moses stayed jurisdictional discovery pending resolution of defendants' renewed motion to dismiss, finding that jurisdictional discovery would "require considerable effort and expense," likely generate discovery disputes, and become unnecessary if the motion were granted. *Id.* at \*1. The court further noted that, in light of recent authority addressing ATA and JASTA pleading requirements, defendants' renewed motion raised "substantial arguments for dismissal" that, if accepted, would resolve the case in its entirety. *Id.* at

8

The burdens imposed by discovery here further support a stay. Given the breadth of Plaintiffs' allegations and the international scope of discovery, requiring merits discovery before the threshold legal questions are resolved would impose a substantial and asymmetric burden on Defendants and risk discovery that may become unnecessary or materially narrowed once the Court decides the Motion to Dismiss. In *Kleiman v. Wright*, the court granted a stay pending a London-based defendant's motion to dismiss for, among other things, lack of personal jurisdiction and failure to state a claim. No. 18-CV-80176-BB, 2018 WL 8620096 (S.D. Fla. Aug. 2, 2018). The court found that, after taking a preliminary peek, the burden of discovery—"much of which . . . involve[d] locating evidence and witnesses in London and Australia"—outweighed the potential harm from any discovery delay. *Id*. at *2.[4]

The same reasoning applies here: all Defendants are located abroad; Defendants challenge personal jurisdiction, the sufficiency of Plaintiffs' factual allegations, and service. Plaintiffs' expansive allegations mean that discovery will involve foreign evidence, translations, third parties, security-sensitive issues, potentially inaccessible locations and witnesses, and hundreds of Plaintiffs. Those burdens should not be imposed before the Court determines whether it has

---

*2 (citation omitted). *Raanan* thus supports a stay here, where Defendants' motion likewise raises threshold jurisdictional and ATA/JASTA pleading arguments that may eliminate the need for discovery.

[4] Critically, it is not necessary for the court to decide the motion to dismiss altogether; a "preliminary peek" is truly preliminary. In *Kleiman v. Wright*, after granting the stay, the court denied the underlying motion to dismiss in part and discovery proceeded several months after the motion to stay was granted. No. 18-CV-80176-BB-BLOOM/Reinhart, 2018 WL 6812914 (S.D. Fla. Dec. 27, 2018). However, it was proper to grant the motion to stay discovery because the threshold issues in the defendant's motion to dismiss could have disposed of the case entirely.

9

jurisdiction over each Defendant, whether service was proper, and whether Plaintiffs have stated viable claims under the ATA and JASTA. [5]

## II.  Plaintiffs Will Not Suffer Undue Prejudice From a Temporary Stay

A deferral of the Scheduling Order and temporary stay of discovery pending resolution of Defendants' Motion to Dismiss the Amended Complaint will not cause Plaintiffs undue prejudice. Here, a stay of discovery creates no case management or scheduling problems. *See Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019) (acknowledging that "while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case"). This matter does not involve any injunctive relief and remains at an early procedural stage; Plaintiffs' own conduct does not suggest any need for immediate discovery. Plaintiffs initially filed the substantially similar D.C. Action before voluntarily dismissing it and refiling in this District, and after refiling, Plaintiffs did not seek to amend until after Defendants' initial motion to dismiss. Plaintiffs cannot now credibly claim that a temporary stay pending resolution of Defendants' threshold motion will cause undue prejudice.

A temporary stay would simply preserve the *status quo* while the Court determines whether it has jurisdiction over these Defendants and whether Plaintiffs have stated viable claims and effected proper service. In contrast, allowing discovery to proceed now would impose substantial

---

[5] Nor is discovery necessary for Plaintiffs to oppose Defendants' motion to dismiss. As presented, Defendants' challenges turn on the sufficiency of Plaintiffs' jurisdictional allegations, the existing service record, and the legal sufficiency of Plaintiffs' claims—not disputed facts requiring development through discovery. *See Chudasama*, 123 F.3d at 1367; *Zoghaib*, 2026 WL 943756, at *6.

and likely unnecessary burdens on the parties and exhaust judicial resources before the Court has resolved whether this case may proceed at all, or against whom.

### III.    A Full Stay of Discovery Is Appropriate

A full stay of discovery (and adjournment of the scheduling order) is appropriate because Defendants' Motion to Dismiss the Amended Complaint raises facial legal challenges that should be resolved before discovery proceeds. Indeed, "when faced with legitimate jurisdictional . . . challenges like those present in Defendants' Motion to Dismiss, discovery should not commence until such challenges are resolved." *In re Mednax*, 2021 WL 10428229, at *3. When a "motion will likely 'resolve the entire case if granted,'" even limited discovery would be moot. *Raanan*, 2026 WL 1480388, at *2 (quoting *Pujals v. BDO USA, P.C.*, No. 1:25-CV-01757 (JLR), 2025 WL 2644238 (S.D.N.Y. Sept. 15, 2025)). And where even a partial grant of a motion to dismiss would "substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery," a full stay is appropriate. *Skuraskis*, 717 F. Supp. 3d at 1231.

Those considerations apply here. Defendants' motion could dispose of the case in its entirety or, at minimum, substantially narrow the parties, claims, and issues for discovery. That is precisely the circumstance in which courts stay discovery in full rather than require discovery that may later prove unnecessary or materially overbroad. Requiring discovery to proceed now would defeat the purpose of resolving those threshold questions first. The Court should therefore stay discovery in full until it determines what, if anything, remains of Plaintiffs' Amended Complaint.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay discovery and all discovery-related deadlines pending resolution of Defendants' Motion to Dismiss the Amended Complaint. In connection with the requested stay, Defendants further request that the Court defer the August 10, 2026 deadline contained in the Court's Order at ECF No. 59 for the

11

parties to file their Joint Scheduling Report, Proposed Scheduling Order, and Certificates of Interested Parties pending resolution of this Motion and, should any claims remain, until fourteen days after the Court resolves the Motion to Dismiss.

### <u>CERTIFICATE OF GOOD FAITH CONFERRAL</u>

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that counsel for Defendants conferred with counsel for Plaintiffs in writing between August 3 and August 6, 2026, as well as via video conference on August 7, 2026, in a good faith effort to resolve the relief requested in this Motion, and that counsel for Plaintiffs advised that they oppose staying all discovery pending resolution of Defendants' Motion to Dismiss the Amended Complaint.

Respectfully submitted,                                              Dated: August 7, 2026

By: */s/ Markenzy Lapointe*
   **PILLSBURY WINTHROP SHAW PITTMAN LLP**

| | |
|---|---|
| Markenzy Lapointe | Melissa Lesmes* |
| Florida Bar No. 172601 | Waleed Nassar* |
| 600 Brickell Avenue, Suite 2600 | 1200 17th Street NW |
| Miami, Florida 33131 | Washington, D.C. 20036 |
| Phone: (786) 913-4900/Fax: (786) 913-4901 | Phone: (202) 683-8000/Fax: (202) 683-8007 |
| markenzy.lapointe@pillsburylaw.com | melissa.lesmes@pillsburylaw.com |
| | waleed.nassar@pillsburylaw.com |
| Carolina A. Fornos* | |
| Christopher C. Caffarone* | *admitted pro hac vice* |
| 31 West 52nd Street | |
| New York, NY 10019 | *Attorneys for Defendants Bashar Masri,* |
| Phone: (212) 858-1000/Fax: (212) 858-1500 | *Palestine Real Estate Investment Company,* |
| carolina.fornos@pillsburylaw.com | *Palestine Development & Investment Company,* |
| christopher.caffarone@pillsburylaw.com | *Palestine Industrial Estate Development* |
| | *Company, and Massar International, LTD.* |

12