**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 25-CV-23837-DPG/DSW**

**TOM SHALOM, et al.,**

**Plaintiffs,**

**v.**

**BASHAR MASRI, et al.,**

**Defendants.**
______________________________________/

**ORDER SETTING DISCOVERY PROCEDURES**

**THIS CAUSE** is before the Court on the referral of this action to the undersigned Magistrate Judge for all pre-trial discovery matters. The Court expects the parties and their counsel to be civil, professional, and cooperative in all discovery matters. To assist the parties to efficiently complete civil discovery without undue delay and unnecessary expense, it is hereby

**ORDERED and ADJUDGED** that the discovery procedures set forth below shall apply in this matter.

## I. PRESENTING DISCOVERY DISPUTES TO THE COURT

After making a good faith effort to resolve the dispute in compliance with Local Rule 7.1(a)(3), the party seeking a ruling on a discovery dispute shall file a "**Motion for Discovery Hearing**", in the form and content set forth below. The parties shall not file any other form of discovery motion or memorandum of law without prior permission from the Court.

**A. Authorized Content of Motion for Discovery Hearing**

The Motion for Discovery Hearing filed on the docket must only include the following information and must not include any attached exhibits[1]:

(1) a short and plain statement that lists the discovery issues in dispute and *specific relief requested*;

**Examples of a short and plain statement**:

*The Plaintiff seeks to overrule Defendant's objections to Request for Production of Documents Nos. 1, 5, 6, 8, 12.*

*The Defendant seeks a protective order as to the date and location of the deposition of its corporate representative.*

*The parties dispute the appropriate ESI custodians and keyword searches.*

(2) a list of any documents, **excluding** discovery materials, that will be relied on at the hearing;

(3) a list of citations to the relevant legal authorities, with a parenthetical description of the holding or reasoning that the party will rely on in support of its position and indicating which issue and/or discovery request the cited legal authority applies to; the party should not include any legal arguments or analysis;

(4) any deadlines or time constraints the party would like the Court to consider in scheduling the discovery hearing;

**Examples**:

*The discovery issues relate to a scheduled deposition.*

*The discovery ruling is needed for the parties to comply with impending discovery cutoff deadline.*

(5) at least three (3) dates within fourteen days following the filing of the discovery motion that fall on Tuesday through Friday that the parties are mutually available for a discovery hearing. If the parties cannot agree on dates, the party should simply state: "*The parties could not agree on any mutually agreeable dates for the hearing*," without any further argument, context, or discussion[2];

[1] The Motion for Discovery Hearing and source materials shall be provided to the Court via email as explained below.

[2] The Court cannot ensure it will have availability on one of the selected dates, but it will try to accommodate the parties to extent possible when scheduling the discovery hearing.

(6) any request to file a formal motion and/or memorandum of law in connection with the discovery dispute and identify the issue(s) to be addressed in the formal motion and/or memorandum of law; and

(7) a Certificate of Conferral or its functional equivalent, indicating compliance with Local Rule 7.1(a)(3).

> **Any discovery hearing motion or response that does not satisfy the above requirements and/or that contains legal argument, exhibits, or conferral emails may be stricken by the Court.**

**B. Response to Motion for Discovery Hearing**

On or before three (3) days after a Motion for Discovery Hearing is filed, the opposing party shall file a Response that only responds to the items outlined above for the discovery hearing motion. The Response shall not contain any legal argument, exhibits, or conferral emails. No replies may be filed unless authorized by the Court.

**C. Submission of Motion, Response, and Source Materials to Chambers Via Email**

After filing the discovery hearing motion or response, the party shall promptly send a copy to Judge Shaw-Wilder's court email: discovery_shaw-wilder@flsd.uscourts.gov.

The subject line of the email must contain: "Discovery Dispute" or "Response to Discovery Dispute," the case number, and case name.

The body of the email shall only state: "Per the Court's discovery procedures, this is notice that an authorized [discovery motion] or [response to discovery motion] has been filed at ECF No. []."

The party shall attach to the email a proposed order along with any source materials the party intends to rely on at the discovery hearing, such as the discovery requests and responses at issue, relevant documents, and highlighted case law. Parties should attach the discovery requests

at issue, and, if discovery responses have been filed, only attach the discovery responses. Please highlight the relevant portions of the materials. [3]

**The Court does not consider conferral emails between counsel to be appropriate source material for a discovery hearing.**

### D. Discovery Hearings

The Court will enter an order scheduling a discovery hearing for the issues in dispute and/or granting permission to file a formal motion/memorandum of law. Discovery hearings will be in person at the United States Federal Courthouse located at 299 East Broward Blvd., Courtroom 203D, Fort Lauderdale, Florida 33301. The Court will grant any party's request for a Zoom hearing, if the primary counsel arguing the noticed discovery issues is located outside the Southern District of Florida.

Any motion to continue the discovery hearing shall include three (3) alternative dates between Tuesdays and Fridays that are mutually agreed by the parties.

Any party seeking to present exhibits electronically at the hearing must use Zoom's "Share Screen" feature. Counsel may bring a laptop or other device capable of screen sharing into the Courtroom for this purpose. Counsel intending to bring electronic equipment into the Courtroom must file, at least 24 hours in advance of the hearing, a short motion identifying: 1) the individual(s) who will bring the equipment, and 2) the specific type of equipment (*e.g.*, Dell Laptop, Apple iPad, etc.). The parties are encouraged to file a joint motion, if applicable.

**Judge Shaw-Wilder has a strong commitment to supporting the development of our next generation of**

---

[3] The proposed order must be in Microsoft Word format in 12-point Times New Roman font, double spaced, and justified. If the proposed order is more than one page, then it must include page numbers, beginning on the second page.

**lawyers. The Court encourages parties and senior attorneys to allow less-experienced practitioners the opportunity to argue discovery motions in person.**

### E. Timing of Raising Discovery Disputes

Discovery disputes must be timely raised as required by Local Rule 26.1(g)(2). The parties should also note that Local Rule 26.1(d) requires that all discovery, including resolution of discovery disputes, be fully completed prior to expiration of the discovery cut-off date. The Court shall enforce these Local Rules. The Court encourages the parties to review Local Rule 26.1 at the start of discovery.

## II. AGREED CONFIDENTIALITY ORDERS

A stipulation among parties to keep discoverable information confidential on agreed-upon terms might constitute an enforceable agreement, but it is not a self-executing Court Order. Parties may move for entry of a proposed protective order under Federal Rule of Civil Procedure 26(c). The Court may enter a protective order "for good cause." Fed. R. Civ. P. 26(c)(1). The parties' mutual agreement to the form and content of an appropriate protective order may, in and of itself, constitute good cause. *See Mauro v. Alldredge*, No. 12-cv-1333, 2013 WL 3866531, at *5 (M.D. Fla. July 25, 2013). If the parties file a joint motion for entry of a protective order, the parties shall promptly send to discovery_shaw-wilder@flsd.uscourts.gov the proposed protective order in Word format. *See* S.D. Fla. CM/ECF Admin. Proc. 3I(6). The Court will omit from a protective order any proposed provision that would allow a party to bypass Local Rule 5.4's requirements for filing material under seal.[4]

[4] *To the extent that this Order conflicts with the procedures set forth in the Local Rules for the Southern District of Florida, this Order takes precedence.* The Court expects all parties to act courteously and professionally in the resolution of their discovery dispute. The Court may impose appropriate sanctions upon a finding of failure to comply with this Order or other discovery misconduct.

## III. REQUEST FOR DISCOVERY SANCTIONS

The Court will enforce the Rules of Civil Procedures and the Local Rules including granting sanctions where appropriate. However, a party seeking discovery sanctions shall file a separate motion, which the Court will address separately from pending discovery disputes.

## IV. PENDING MOTION TO STAY DISCOVERY

If a Motion to Stay Discovery is filed, Parties must continue to comply with their discovery obligations unless and until the Motion to Stay Discovery is granted. Parties may not ignore discovery requests while a Motion to Stay is pending. *See, e.g.*, *Mad Room, LLC v. City of Miami*, No. 21-23485-CV, 2021 WL 10395434, at *1 (S.D. Fla. Dec. 14, 2021) ("[Plaintiffs'] Motion to Stay Discovery did not toll the discovery deadlines. Defendant was required to respond to Plaintiffs' discovery requests in a timely fashion."); *Monks v. Diamond Resorts Int'l, Inc.*, No. 17-14307-CIV, 2018 WL 4208330, at *2–3 (S.D. Fla. May 11, 2018) (noting that a party cannot "engage [] in unilateral 'self-help' by filing [a] motion for a protective order and then refusing to respond to any discovery while [the] motion is pending and the clock runs out" because discovery "may not be stayed absent an order from the District Court").

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on the 9th of October 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**